# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 17-401V
(Not to be Published)

* * * * * * * * * * * * * * * * * * * * * * * * *
|  |  |
|---|---|
| NORMA SOLTYS, | Special Master Corcoran |
| Petitioner, | |
| v. | Filed: September 16, 2019 |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | Dismissal; Deceased Petitioner; Failure to Substitute |
| Respondent. | |
* * * * * * * * * * * * * * * * * * * * * * * * *

*Joseph Vuckovich*, Maglio Christopher and Toale, PA (DC), Washington, D.C., for Petitioner

*Robert Coleman, III*, U.S. Dep't of Justice, Washington, D.C., for Respondent

## DECISION DISMISSING PETITION[1]

Norma Soltys filed a petition on March 21, 2017, seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program").[2] ECF No. 1. Petitioner alleged that the measles/mumps/rubella vaccine she received on February 15, 2016, caused her to develop Guillain-Barré syndrome. *Id.* at 1. The petition must now be dismissed due to the lack of a proper petitioner to maintain the action.

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims' website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means that the Decision will be available to anyone with access to the internet.** As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available to the public in its current form. *Id*.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-10–37 (2012) (hereinafter "Vaccine Act" or "the Act"). Individual section references hereafter shall refer to § 300aa of the Act.

I.      **Procedural History**

The petition was filed on March 21, 2017. Petition (ECF No. 1). This case was originally assigned to the Office of Special Masters's Special Processing Unit (which is intended for claims deemed likely to settle or be easily resolved). Petitioner then filed medical records on March 22, 2017. Pet. Ex. 1–8 (ECF No. 5). Shortly thereafter, in April 2017, the case was transferred to me and an initial status conference between the parties was held on April 26, 2017. During this conference, the parties were charged with identifying any missing medical records relevant to Petitioner's claim. Scheduling Order, filed April 26, 2017.

Petitioner filed additional medical records on June 22, 2017 and August 15, 2017. Pet. Ex. 10–11 (ECF No. 16); Pet. Ex. 12 (ECF No. 19). On October 19, 2017, Respondent filed his Rule 4(c) Report, stating that Petitioner had presented insufficient evidence to meet her evidentiary burden. Resp. Report (ECF No. 21), at 8–9. In his report, Respondent specifically cited to Petitioner's failure to file medical records, expert reports, or scientific literature causally linking the vaccine she received to her alleged injury. *Id.*

A status conference between the parties was held on October 31, 2017, during which I ordered Petitioner to submit an expert report by January 12, 2018. Scheduling Order, filed October 31, 2017. Petitioner did not meet this initial deadline, however, and submitted several motions for extension of time, which were granted until she eventually filed an expert report from Dr. M.E. Gershwin, M.D. as well as several pieces of medical literature on April 27, 2018. Pet. Ex. 13 (ECF No. 29); Pet. Ex. 15–25 (ECF No. 29–30).

Following a status conference held on May 8, 2018, Petitioner submitted an Affidavit describing the onset of her symptoms on May 30, 2018. Pet. Ex. 26 (ECF No. 31). Subsequently, Respondent submitted his expert report from Dr. Harry Schroeder, Jr., M.D., Ph.D on August 28, 2018. Res. Ex. A (ECF No. 34). On September 18, 2018, Respondent filed medical literature supporting Dr. Schroeder's expert report. Res. Ex. C–F (ECF No. 35).

A status conference was held on September 19, 2018 to discuss both parties' expert reports. Following this status conference, I advised Petitioner to file a status report indicating whether she intended to engage an expert rheumatologist or other specialist and was encouraged to file a responsive expert report from Dr. Gershwin addressing the concerns raised by Dr. Schroeder. Scheduling Order, filed September 19, 2018.

On October 19, 2018, Petitioner indicated that she did not intend to engage any other experts in the matter. Status Report (ECF No. 36). Petitioner later filed Dr. Gershwin's response and additional medical literature on November 6, 2018. Pet. Ex. 27 (ECF No. 37); Pet. Ex. 38–44 (ECF No. 37–38).

Following a status conference on November 16, 2018, I ordered the parties to file additional expert reports. Scheduling Order, filed November 16, 2018. Respondent's supplemental expert report from Dr. Schroeder was filed along with supporting medical literature on March 12, 2019.

2

Res. Ex. G–Q (ECF No. 40). Petitioner's responsive expert report from Dr. Gershwin was filed along with supporting medical literature on March 29, 2019. Pet. Ex. 45–49 (ECF No. 41).

On May 6, 2019, Petitioner's counsel filed a status report indicating that Petitioner had died intestate on January 20, 2019, of causes unrelated to her vaccine injury. Status Report, filed May 6, 2019 (ECF No. 42), at 1. As counsel explained, Petitioner's husband showed some interest in continuing to pursue his wife's claim, and was consulting with third-party counsel to open an estate and be appointed Petitioner's legal representative. *Id.* In the meantime, counsel continued to comply with the Court's set deadlines and filed a Motion for Findings of Fact and Conclusions of Law as well as a brief in support of the motion on May 8, 2019. Motion (ECF No. 44). Respondent's brief in opposition to a finding of entitlement to compensation was filed on June 6, 2019. Memorandum (ECF No. 45).

On June 19, 2019, Petitioner's counsel filed a status report indicating that Petitioner's husband now did *not* wish to pursue his wife's claim any further. Status Report (ECF No. 46), at 1. On July 1, 2019, the parties engaged in a status conference to discuss how the parties were to proceed with the claim. Following this status conference, I instructed Petitioner's counsel to file a Suggestion of Death and a status report formally indicating whether a new petitioner would be named. Scheduling Order, filed July 1, 2019. I also explained that until such filings were received, I would defer ruling on the pending motion for a ruling on the record. *Id.*

On August 30, 2019, Petitioner's counsel filed the requested Suggestion of Death as well as Petitioner's death certificate. Suggestion of Death (ECF No. 47); Pet. Ex. 51 (ECF No. 47). Petitioner's counsel also submitted a status report in which he indicated that a new petitioner would not be named in the case. Status Report (ECF No. 48).

## II.     Analysis

The Vaccine Rules do not address the consequences of the death of a petitioner. Thus, in the absence of any specific direction, the Rules of the Court of Federal Claims ("RCFC") are consulted. *See* Vaccine Rule 1(c). Rule 25 of the RCFC states:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by the decedent *must* be dismissed.

RCFC Rule 25(a)(1) (emphasis added); *See also Christner v. Sec'y of Health & Human Servs.*, No. 16-1122V, 2019 WL 518516, at *3 (Fed. Cl. Spec. Mstr. Jan. 15, 2019) (dismissing a deceased petitioner's claim for "lack of a proper plaintiff to maintain the action").

Mr. Vuckovich filed a status report notifying the Court of Petitioner's death on May 6, 2019, which triggered the time allotted by RCFC 25 for a motion for substitution to be filed. No such motion has been filed and Petitioner's counsel, after conferring with Petitioner's husband, indicated in his June 19, 2019 status report that no substitution would be made. Status Report (ECF No. 46). Thus, pursuant to Rule 25, the petition must be dismissed due to the lack of a proper petitioner to maintain the action.

## Conclusion

For the foregoing reasons, this case is **DISMISSED**. In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk **SHALL ENTER JUDGMENT** in accordance with this decision.[3]

**IT IS SO ORDERED.**

s/Brian H. Corcoran  
Brian H. Corcoran  
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.